[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this divorce action intermarried on June 17, 1967. The plaintiff is a high school teacher and the defendant is a registered nurse. There are two adult sons issue of the marriage, one of whom attends college. Both parties have income from their professions and earn gross weekly wages of about $1,000 in the case of Mr. Marshall and $888.00 in the case of Mrs. Marshall. He has some physical problems for which he has been treated in the past. CT Page 10806
Mr. Marshall has initiated this action on the ground that the marriage has become unbearable because of disputes and disagreements. It may be said, on the basis of the evidence, that much of the trouble was due to the nervous disposition of Mr. Marshall. On the other hand, he has made a monumental contribution in his hard work expended in building a number of the dwellings in which they have lived. The defendant is presently living in one of them. This work took place after work hours and on weekends. Mrs. Marshall also did some of the work, although it was of a minor nature. The evidence further justifies the conclusion that she has been a dutiful contributor and a loving wife.
Considering all the evidence and the applicable statutory provisions, including General Statute 46b-81, the following judgment is entered:
The plaintiff shall have the following:
His two bank accounts $1,268.00 Travelers common stock — 62 shares $2,022.75 His pension (90%) $161,322.00 The supplement thereto $9,014.00 Teacher's retirement $7,320.00 Motor Vehicle (Acura) $9,000.00 T.S.A. $697.00
The defendant shall have the following:
Dwelling house (the present home) $124,052.00 Motor Vehicle (Cougar) $7,000.00 Household furnishing $12,000.00 Grand Piano $3,000.00 Bank accounts-Valley Teachers $1,000.00 Travelers 37 shares Com $1,202.00 Travelers annuity $2,100.00 Lincoln National T.S.A. $6,152.00 New Britain General Hospital (Social Security) $23,014.00 Quadro of Plaintiff's pension (10%) $17,924.00
The plaintiff is ordered to pay one-half of the payments on the mortgage on the marital home which financed the purchase of the automobiles. CT Page 10807
The parties shall pay their respective obligations as they have in the past, except that the plaintiff shall pay CenConn Health Care Master Card: $2,629.00, and the defendant shall pay Cen Care Conn.: $2,719.00. Each party shall hold the other harmless as to their respective obligations.
The plaintiff is ordered to maintain his two sons on his health insurance as available through his employment.
He is also ordered to pay to the defendant the sum of $1,000 toward her attorney's fees.
A decree of dissolution of the marriage on the grounds of its irretrievable breakdown may enter.
John M. Alexander State Judge Referee